**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------x

In re: UBB PROJECT LLC                                    Case No. 1-16-40590-ess

                                                          Chapter 11

Debtor(s)
------------------------------------------------------------------------x

## AFFIDAVIT PURSUANT TO LOCAL RULE 1007-4

I, Tanner Bryce Jones, attorney for undersigned debtor herein, swear and affirm on this 17th day of February, 2016, that the following is true to the best of my information and belief:

1. The debtor is a small business debtor within the meaning of Bankruptcy Code § 101(51D)

2. 
   a) The debtor's business is limited to ownership and operation of Roomr, a restaurant located at 17 Old Fulton Street, Brooklyn, NY 11201.
   b) The debtor was unable to continue payments on a substantially below market value lease when former management emptied bank accounts upon exit.

3. This case was not commenced under Chapter 7, 12, or 13.

4. No committee was organized prior to the filing of this case or has since been organized.

5. The list of the 20 largest general unsecured claims required by Local Rule 1007-4 (a) (v) has been filed on Official Form 204.

6. There are no currently known secured creditors.

7. The debtor's only significant asset is its interest in a below market value lease at 17 Old Fulton Street, the rights to which several potential assignees have expressed a bona fide interest in purchasing.  The debtor also has several legal claims against creditors and past and present attorneys, including claims of interference in the debtor's business and sanctions claims for violating the automatic stay.  Assets after an assignment of the lease may be adequate to fully compensate all unsecured creditors.  Debtors liabilities are primarily disputed claims by landlord, 17 Cadman Plaza West LLC, and former management, Feliks Pitsel, and his associates.  No financial statements of any kind have been prepared to the best of my knowledge since at least September of 2015, and the records of the company are in disarray due to abrupt exit of previous management.  The LLC's accountant, former attorneys, and former management have so far failed to turn over records needed to complete the Petition despite requests.

8. The status of ownership of the debtor LLC is currently in dispute.

9. No property is known to be in the possession of any entity listed in Local Rule 1007-4 (a) (ix).

10. The debtor leases space at 17 Old Fulton Street, Brooklyn NY 11201 and all its operations are conducted at this space.

11. The location of all the company's records is unknown.  However, the following information is made available to the Court:
    a) I have requested records from attorney for former management Mr. Robert Bondar; former attorney for former management and for debtor, Ms. Irina Saks, Esq.; and from attorney Mr. Igor Vaysberg.  I have asked Ms. Saks and Mr. Vaysberg to clarify their roles with the company and have yet to receive a response to my inquiry.  Ms. Saks asked for proof of my role in the company prior to e-mailing me records.  I provided her such proof and have yet to receive any records.  Mr. Vaysberg has not responded to my request.
    b) Mr. Bondar has not provided any records from former management and refuses to do so.  Mr. Bondar stated to me in an e-mail dated 2/16/2016 that his client, former manager for debtor Mr. Feliks Pitsel, claims a controlling membership interest in the company and disputes my appointment as company counsel.  Mr. Bondar also states that Mr. Pitsel disputes the transfer of a 50% membership interest with controlling vote to me by Ms. Yelena Skylut as he states that Mr. Pitsel is claiming an 80% interest in the company.  This is despite a verified pleading in NY State Supreme Court signed by Mr. Pitsel on 1/10/2016 and submitted to the court by Mr. Bondar alleging as true, *inter alia*, that "Defendant ELENA SKYLUT was and still is a holder of 100% of all outstanding membership interest of the Defendant UBB, serves as a Manager of the Company, and is responsible for the day-to-day operations of the Company."
    c) I have requested financial records from Mr. Michael Koloden, CPA, accountant for the company hired by Mr. Feliks Pitsel during his management tenure.  I have received no reply to my request.
    d) I received late in the day on 2/16/2016 a box of company records that were in the possession of Ms. Yelena Skylut, consisting of disorganized invoices, contracts, receipts, and bank statements, etc.  She has certified to me that she has turned over all records in her possession to me.
    e) All records of the company in my possession are held in my office at 745 5th Ave, Suite 500, New York NY 10151.

12. Two actions are currently pending against the debtor in NY State Court where default judgment against the debtor is imminent:
    a) Contract and tort claims against debtor LLC and co-defendant member of debtor, Ms. Yelena Skylut, in The Supreme Court of the State of New York, County of Kings, Index No. 500324/2016.  Mr. Robert Bondar, attorney for plaintiffs, has stated via e-mail to me on 2/16/2016 that he does not consider the automatic stay to bind him as to actions against the company due to his opinion that I have fraudulently aquired a controlling interest in the company.  Mr. Bondar has stated, after receiving notice of the Bankruptcy filing and ample opportunity to clarify his position on pursuit of creditor claims against the company in state court, that he is now adding me personally to the state court suit and will move for default judgment against all three parties if an Answer is not received by 2/24/2016.
    b) Contract claims as well as Petition for Eviction under the lease for 17 Old Fulton Street in Civil Court of the City of New York County of Kings: Housing Part, Index No. L&T 51624/16.  The next hearing date is set for 2/24/2016.

13. Management authority in the company is currently disputed.  The only parties exercising de facto management authority are Ms. Yelena Skylut and myself.  Ms. Skylut has been

with the business since its formation in October 2013. I have been with the business since February 11, 2016 and have been a licensed attorney since April 2012. Responsibilities include paying suppliers, managing service staff, purchasing stock, ordering from and paying vendors, maintaining insurance, maintaining bank accounts and all other ordinary responsibilities of operating a restaurant business in the early stages of an emergency bankruptcy filing.

14. Estimated payroll of employees is $2,250.00/week. The estimate is based on approximately 3 employees needed to operate the cafe at any time for its open hours of approximately 50 hours a week.

15. De facto managers Ms. Yelena Skylut and Mr. Tanner Bryce Jones propose not to take any cash payment for the next 30 days, but wish to apply for compensation of $60,000 annualized each ($5,000.00/month) as administrative expenses of the Estate to be deferred until the final settlement of the Estate due to their extraordinary efforts to keep the restaurant operating, protect its interests in the lease, and manage incredibly aggressive litigation by creditors on a shoe-string budget. Current de facto management may receive no compensation as equity owners and are the only parties to have engaged in actions necessary to protect the lease and maintain restaurant operations, actions which may end up being for the sole benefit of unsecured creditors. In addition, de facto managers are allege that they have currently been operating under substantial tortious interference from former management and creditors, allegations which shall not be further laid out here.

16. The business is a seasonal one and expected cash receipts should be around $6,000 - $7,000 for the next 30 days. The debtor expects an operating cash loss of approximately $3,000.

17. On a cash basis, the business typically earns more money annually than it loses, as sales in good-weather months grow to around $30,000 to $40,000 monthly.

The above statements are true to the best of my available knowledge. I believe in good faith that I have been lawfully engaged to represent debtor in this proceeding.

/s Tanner Bryce Jones

Tanner Bryce Jones

Attorney for UBB PROJECT LLC