UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re                                                          Case No.: 16-40590-ess
                                                               Chapter 11
UBB PROJECT LLC *dba* ROOMR


                                    Debtor.
------------------------------------------------------------x

**AFFIDAVIT OF JULIO E. PORTILLA ESQ., IN SUPPORT OF APPLICATION TO
EMPLOY THE LAW OFFICE OF JULIO E. PORTILLA, P.C.
<u>AS COUNSEL FOR THE DEBTOR</u>**

**Julio E. Portilla**., being duly sworn, deposes and says:

1. I am the principal for the Law Office of Julio E. Portilla, P.C., ("JEP Law"). JEP Law maintains offices and a principal place of business at 555 Fifth Avenue, 17th Floor, New York, New York 10017. I have been duly admitted to practice in the United States District Court for the Southern District of New York.

2. This affidavit is submitted in support of the *Debtor's Application for Authorization to Retain Counsel* (the "Application"). Pursuant to the Application, UBB PROJECT LLC *dba* ROOMR (the "Debtor"), seeks to substitute with and retain JEP Law to provide legal services in connection with this case as more fully set forth below. I am the attorney at JEP Law who will bear primary responsibility for this case.

3. JEP Law's current non-discounted customary, hourly rates, which are not subject to change for the duration of the case, are $400 for members and attorneys, and $125 for paraprofessionals.

4. I have read and I am familiar with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York.

5. JEP Law's disbursement policy is to pass through all out-of-pocket expenses at actual cost, or as an estimated actual cost when the actual costs cannot be readily ascertained. These expenses include facsimile, photocopying, toll calls, computerized research, deliveries, court costs, transcript fees, postage, travel, clerk and court fees and other expenses.

6. No promises have been received or made by the JEP Law or any member, counsel or affiliate thereof as to payment or compensation with this case other than in accordance with the provisions of the Bankruptcy Code and Bankruptcy Rules. JEP Law has no agreement with any other entity to share with such entity any compensation received by JEP Law or by such entity.

7. The Debtor seeks authorization to retain JEP Law as its general and corporate counsel to represent it in this case and assist it in carrying out its duties as a debtor-in-possession under Chapter 11 of the Bankruptcy Code. In that connection, the professional services to be rendered by JEP Law in this case shall include, but shall not be limited to:

   i. providing advice to the Debtor with respect to its powers and duties under the Bankruptcy Code in the continued operation of its business and the management of its property;

   ii. negotiating with creditors of the Debtor, preparing a plan of reorganization and taking the necessary legal steps to consummate a plan, including, if necessary, negotiations with respect to financing a plan;

   iii. appearing before the various taxing authorities to work out a plan to pay taxes owing in installments

   iv. preparing on the Debtor's behalf necessary applications, motions, answers, replies, discovery requests, forms of orders, reports and other pleadings and legal documents;

   v. appearing before this Court to protect the interests of the Debtor and its estate, and representing the Debtor in all matters pending before this Court; and

   vi. performing all other legal services for the Debtor that may be necessary herein

8.      I believe that JEP Law is in the best position to render such services to the Debtor due to its extensive knowledge and experience with all aspects of practice in cases under Title 11 of the United States Code (the "Bankruptcy Code"). JEP Law has successfully shepherded numerous debtors through Chapter 11 reorganizations before this and other courts, and I believe that JEP Law is well qualified to represent the Debtor in this case.

9.      I believe JEP Law is competent to represent the interests of the Debtor herein in all proceedings now pending or which may reasonably be expected to be pending in this Court in the foreseeable future.

10.     In August 2016, JEP Law received a $7,500.00 retainer (the "Retainer") from Lena Sklyut Corp., an entity controlled by Yelena Sklyut, the principal of the Debtor.

11.     The retainer is not an evergreen retainer and is refundable if not earned and if JEP Law fees are not approved by this Court. There is no pre-petition amount due to JEP Law. Except as provided herein, JEP Law has not drawn down on the Retainer. JEP Law does not have a fee splitting arrangement with any party.

12.     I have explained to Yelena Sklyut and Lena Sklyut Corp., that despite the fact that she caused the payment of the retainer, JEP Law does not represent Yelena Sklyut or any other entities connected to her, including Lena Sklyut Corp., except the Debtor; and only the Debtor is entitled to and will receive any client confidences, notwithstanding who paid the retainer.

13.     Except as set forth herein, neither I nor any other shareholder or associate of JEP Law has represented or now represents any entity in connection with this case

14.     To the best of my information and belief, neither I nor JEP Law holds nor represents any interest adverse to the Debtor in the matters upon which we are to be engaged. I believe that JEP Law is a "disinterested person" as that term is defined in Section 101(14) of the

Bankruptcy Code. To the best of my knowledge, information and belief, JEP Law has no connection with the Debtor, its creditors, any other party in interest, its respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, and will not, at any time, represent any other entity in connection with this case.

DATED:   New York, NY
             August 26, 2016

          **LAW OFFICE OF JULIO E. PORTILLA, P.C.**
          *Proposed Attorneys for the Debtor*
          By: /s/ *Julio E. Portilla*
          Julio E. Portilla, Esq.
          Law Office of Julio E. Portilla, P.C.
          555 Fifth Avenue, 17th Floor
          New York, NY 10017
          (212) 365-0292